**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF CONNECTICUT**
**HARTFORD DIVISION**

| | | | |
|---|---|---|---|
| IN RE: | ) | Case No. | 24-20409 (JJT) |
| | ) | | |
| FAMILY PURCHASES, LLC, | ) | Chapter | 11 |
| | ) | | |
| Debtor. | ) | Re: ECF No. | 7 |
| | ) | | |

**MEMORANDUM OF DECISION AND ORDER ON UNITED**
**STATES TRUSTEE'S MOTION TO DISMISS THE DEBTOR'S CASE**

**I. INTRODUCTION AND FACTUAL BACKGROUND**

Before the Court is the United States Trustee's ("U.S. Trustee") Motion to Dismiss the Debtor's Case (ECF No. 7) ("Motion"). The Motion arises out of a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code filed by Family Purchases, LLC ("Debtor") on May 3, 2024 (ECF No. 1) ("Petition"). The U.S. Trustee contends that the Debtor's case should be dismissed on the several grounds. Succinctly, the U.S. Trustee contends that dismissal is appropriate as: (1) the Debtor has failed to timely file most of the appropriate documentation necessary for a Chapter 11 case to proceed; (2) the Debtor is not represented by counsel; and (3) there is no reasonable likelihood that the Debtor will be able to confirm a plan, the Debtor cannot provide a reasonable justification for the deficiencies, and the Debtor cannot show that those deficiencies will be timely cured.[1]

The Debtor is a single asset real estate debtor that holds a single property located at 390 Old Post Road, Tolland, CT 06084. (ECF No. 1, at 1–2). The Debtor is not represented by counsel and the Petition was signed by the sole and managing member, Vincent DeFilippo

---

[1] The U.S. Trustee also contended in his Motion that the company lacked appropriate insurance. The Debtor's Principal testified at a hearing before this Court on May 14, 2024, however, that the Debtor did have insurance in the name of the Debtor. Due to the paucity of filings, the Court lacks the ability to assess the adequacy of this insurance and therefore declines to address this issue.

("Debtor's Principal"), a non-lawyer who was sworn in to testify regarding the Debtor's financial state at a hearing before this Court on May 14, 2024 ("May 14, 2024 Hearing") (ECF No. 1, at 4). At the May 14, 2024 Hearing, Debtor's Principal also acknowledged it was proving difficult to find counsel due to the dire financial situation the Debtor is in. It appears from the record, and was admitted by the Debtor's Principal at the May 14, 2024 Hearing, that the Debtor filed its bankruptcy petition in response to an active foreclosure action on the Debtor's sole real estate holding currently pending in the Connecticut Superior Court, Tolland Judicial District, under the caption *Velocity Commercial Capital, LLC v. Family Purchases, LLC*, No. TTD-CV-23-6026471-S (Conn. Super. Ct.) ("State Court Action").[2] The Debtor also failed to file numerous required documents with its petition, namely: its list of the 20 largest unsecured creditors, its list of equity holders, a creditor matrix, any and all bankruptcy schedules, and a statement of financial affairs. Those deficiencies remain uncured.

At the May 14, 2024 Hearing the Debtor's Principal represented to the Court that he had evidence that the Debtor had secured a commitment for a loan such that a plan was viable. The document presented, which had previously been filed in the State Court Action, however, contains the following statement: "This Pricing Tool and its results may vary significantly from actual pricing that the Lender *may commit to* after loan approval and underwriting. Therefore, this Pricing Tool *should not be relied upon in any way*, but solely used as a helpful guide." *Id.*, Objection to Motion to Open, Entry No. 124.00 (emphasis added).

**II. JURISDICTION**

The United States District Court for the District of Connecticut (the "District Court") has jurisdiction over the instant proceedings under 28 U.S.C. § 1334(b), and the Court derives its

---

[2] The Court takes judicial notice of the docket in the case before the Connecticut Superior Court and its contents.

authority to hear and determine this matter on reference from the District Court under 28 U.S.C. § 157(a), (b)(1) and the General Order of Reference of the District Court dated September 21, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

### III. STANDARD OF REVIEW

11 U.S.C. ("Bankruptcy Code") § 1112(b) empowers the court to convert or dismiss a case brought under Chapter 11. It provides:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

Bankruptcy Code § 1112(b)(1). Bankruptcy Code § 1112(b)(4) further provides that "[f]or the purposes of this subsection, the term 'cause' includes . . . (F) unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter." Bankruptcy Code § 521 provides that a debtor must file:

> (A) a list of creditors; and
> (B) unless the court orders otherwise—
>     (i) a schedule of assets and liabilities;
>     (ii) a schedule of current income and current expenditures;
>     (iii) a statement of the debtor's financial affairs and, if section 342(b) applies, a certificate—
>         (I) of an attorney whose name is indicated on the petition as the attorney for the debtor, or a bankruptcy petition preparer signing the petition under section 110(b)(1), indicating that such attorney or the bankruptcy petition preparer delivered to the debtor the notice required by section 342(b); or
>         (II) if no attorney is so indicated, and no bankruptcy petition preparer signed the petition, of the debtor that such notice was received and read by the debtor;
>     (iv) copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor;
>     (v) a statement of the amount of monthly net income, itemized to show how the amount is calculated; and

> (vi) a statement disclosing any reasonably anticipated increase in income or expenditures over the 12-month period following the date of the filing of the petition[.]

Bankruptcy Code § 521(a).

Further, the usage of "includes" indicates a non-exhaustive list of factors to consider; the term is non-limiting and the Court is free to consider other forms of "cause" beyond those enumerated in Bankruptcy Code § 1112(b)(4). *In re AdBrite Corp.*, 290 B.R. 209, 216–17 (Bankr. S.D.N.Y. 2003).

The Court may not convert or dismiss a case under Chapter 11:

> [I]f the court finds and specifically identifies unusual circumstances establishing that converting or dismissing the case is not in the best interest of creditors and the estate, and the debtor or any other party in interest establishes that—
> (A) there is a reasonable likelihood that a plan will be confirmed within the timeframes established in sections 1121(e) and 1129(e) of this title, or if such sections do not apply, within a reasonable period of time; and
> (B) the grounds for converting or dismissing the case include an act or omission of the debtor other than under paragraph (4)(A)—
> > (i) for which there exists a reasonable justification for the act or omission; and
> > (ii) that will be cured within a reasonable period of time fixed by the court.

Bankruptcy Code § 1112(b)(2). A debtor's case can therefore survive dismissal, even in the face of deficiencies that warrant it, if the debtor can prove that: (1) there is a reasonable likelihood that a plan is confirmable and (2) there is a "reasonable justification" for the deficiency and that the deficiency will be cured within a reasonable time. *See In re Van Eck*, 425 B.R. 54, 58–59 (Bankr. D. Conn. 2010).

## IV. DISCUSSION

It is indisputable that almost none of the documents required under Bankruptcy Code § 521 have been filed. *See also* Petition (ECF No. 1). This alone falls well within the realm of "cause" sufficient to warrant dismissal envisioned in Bankruptcy Code § 1112(b)(4)(F). At the

May 14, 2024 Hearing, the U.S. Trustee also pointed out that it has been eleven days since the Petition was filed and the Debtor continues to be deficient in all of its filings and there has been no indication that the Debtor's deficient filings will be cured in a reasonable timeframe. Similarly, no reasonable justification for these deficiencies has been asserted.

Furthermore, regardless of the aforesaid material deficiencies, which on their own may be sufficient to warrant dismissal, the Debtor has another independent issue that militates in favor of dismissal as well. It is a well-settled principle of law that corporate entities may appear in federal court solely through a licensed attorney and not through their members, managers, officers, or shareholders. *See Lattanzio v. Comta*, 481 F.3d 137, 140 (2d Cir. 2007); *see also Rowland v. California Men's Colony*, 506 U.S. 194, 201–02 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."). Here, the Debtor's Principal has acknowledged that the Debtor continues to lack counsel and has admitted it is having difficulty securing counsel. Based on the testimony of the Debtor's Principal at the May 14, 2024 Hearing, it seems unlikely that the Debtor will be able to secure counsel in a timely fashion, further decreasing the likelihood that the aforementioned filing deficiencies will be timely cured.

Finally, against these myriad issues, the Debtor's Principal seemingly contends that these deficiencies are immaterial in the face of a confirmable plan. The Debtor's Principal testified at the May 14, 2024 Hearing that he had secured financing to cure the mortgage default. As noted by a creditor's counsel at the hearing, and upon the Court's own examination of the document presented and filed on the docket of the State Court Action, however, it is clear the document provided was not a commitment to lend. Without a commitment to refinance the Debtor's sole known asset, there is currently no clear way the Debtor could propose a confirmable plan under

those conditions. Regardless of the likelihood that the Debtor can propose a confirmable plan, it still lacks reasonable justification for its deficiencies and any indication these deficiencies will be timely cured. As a result, there is not a reasonable likelihood that the Debtor may propose a confirmable plan, and the dismissal of the case is therefore likely in the best interest of the creditors under Bankruptcy Code § 1112(b)(2).

### V. CONCLUSION

For the reasons stated above, the Court finds that the Debtor's failure to file many of the required filings under the Bankruptcy Code and to retain counsel within a reasonable timeframe constitute sufficient cause to dismiss the Debtor's Chapter 11 case. Further, the Debtor has not proven that there is a reasonable likelihood that it could propose a confirmable plan, nor that there is a reasonable justification for the deficiencies or that they will be timely cured. The U.S. Trustee's Motion is therefore GRANTED.

**IT IS SO ORDERED** at Hartford, Connecticut this 17th day of May 2024.

*James J. Tancredi*
United States Bankruptcy Judge
District of Connecticut